Argued September 8; affirmed September 29, 1937

# WRIGHT *v.* PORTLAND TRACTION CO.

(71 P. (2d) 797)

*T. Walter Gillard*, of Portland (Wm. P. Lord, of Portland, on the brief), for appellant.

*Earl S. Nelson*, of Portland (Griffith, Peck & Coke, of Portland, on the brief), for respondent.

BELT, J. This is a personal injury action. A general demurrer to the complaint was sustained and, upon refusal of the plaintiff to plead further, the action was dismissed. Plaintiff appeals.

■ The sole question presented is whether plaintiff has alleged facts sufficient to constitute a cause of action. In determining such question, the court must, of course, accept as true the material allegations of fact set forth in the complaint.

■ ■ It appears from the complaint that defendant owns and operates an electric streetcar system in the city of Portland. While one of defendant's electric cars was stopped at a street intersection, June Wright, a girl 8 years of age, and her sister a year older, jumped upon the rear step of the streetcar for the purpose of "stealing a ride". It was a one-man car; that is, the operator also acted as conductor. While the car was in motion June was thrown to the pavement and severely injured. Damages are demanded in the sum of $15,000.

It is alleged that children were accustomed to ride on the rear steps of these one-man cars and that these stationary rear steps were unusually attractive to children—all of which was known to the defendant company. It is also alleged that defendant well knew that when children did so ride the operator was unable to see them in such perilous position and that it was "practicable for the defendant to reconstruct said streetcar so that the rear step folds or closes up when the rear end is closed".

The court gleans from the complaint that recovery is sought under the attractive nuisance doctrine. In other words, this court is asked to compel, by judicial fiat, the streetcar company to so reconstruct its cars that small children will not be tempted to steal rides on the rear steps thereof. If the doctrine is to be applied to the facts in this case, it might also, with equal propriety, be extended to automobiles having bumpers attractive to small children. We think the doctrine should not be so extended. The only case cited in sup-

port of appellant's contention is *Wheeler v. St. Helens*, 153 Or. 610 (58 P. (2d) 501), which even a cursory reading will disclose is far from being in point. It is uniformly held that vehicles moving along the street, although tempting to children to catch rides thereon, are not attractive nuisances. See numerous cases in note 36 A. L. R. 151.

The judgment is affirmed.